1
2
3
4
5
6
7

8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   EDDIE J. WAGNER,                           CASE NO. 06cv2237 LAB (WMC)

12                              Plaintiff,       **ORDER GRANTING IN PART *EX***
            vs.                                  ***PARTE* REQUEST FOR**
13                                               **EXTENSION OF TIME TO SERVE**
     R. ANTI, LT.; LEAPHART, CPT;                **DEFENDANTS**
14   R. DAVIS, LT.; C. MCGUIERE, C/O;
     K. THOMAS, C/O; J. RODRIGUEZ, C/O;
15   J. SPINNEY, MTA; BALTINEZ, R.N.; and
     DR. SAND,
16
                             Defendants.
17

18

19          On June 7, 2007, the Court ordered Plaintiff to serve defendants as required by Fed.

20   R. Civ. P. 4 within 30 days of the date the Court's order was entered.  On July 2, 2007,

21   summonses were issued as to all Defendants.  Also on July 2, Plaintiff filed a motion

22   purporting to be a noticed motion with a hearing date of July 1, 2007, in which he requests

23   an additional 45 days in which to serve Defendants. The Court construes this as an *ex parte*

24   application for extension of time (the "Application").  Although the Application refers to "the

25   papers, records, and attached declaration of plaintiff, also by this reference made a part of

26   this motion," the Application consisted of a two-page notice with no attachments other than

27   a proof of service.

28   / / /

1    Plaintiff states he forwarded copies of the summons to the Clerk, but does not state
2    when he did so.  Therefore, the Court has no basis on which to conclude Plaintiff was
3    diligent in attempting to obtain the summonses.  Plaintiff points out he "is an incarcerated
4    inmate and must process all procedures by United States Postal Service."  The Court was
5    aware of these facts at the time the June 7, 2007 order was issued and took them into
6    account in setting the time limit.  Although Plaintiff also knew these facts, he waited until near
7    the expiration of the time limit in which to request an extension of time.  The Court has
8    previously admonished Plaintiff he must fulfill his responsibilities promptly and has warned
9    him of the possibility of dismissal.  Therefore, the Court finds Plaintiff has not shown good
10   cause for an extension of time in which to serve Defendants as ordered.

11   The wording of Plaintiff's request suggests that perhaps, instead of an extension of
12   time in which to serve Defendants, he was requesting an extension of time in which to file
13   proof of service.  The Court's order of June 7, 2007 did not set a particular time for filing
14   proof of service of process.  Other than the 120-day limit set in Fed. R. Civ. P. 4(m), which
15   Plaintiff has already exceeded, no particular time limit is set within which to file proof of
16   service.  If Plaintiff misunderstood the Court's order and believed he was being ordered to
17   file proof of service within 30 days of June 7, his request for an extension of time was
18   unnecessary.

19   Plaintiff is hereby **ORDERED** to file proof of service promptly as to all Defendants, as
20   provided under Fed. R. Civ. P. 4(l), showing that Plaintiff has complied with the Court's order
21   of June 7, 2007.  The affidavit must specify the date service was accomplished on each
22   Defendant.  **If Plaintiff fails to file all proofs of service as ordered no later than July 30,**
23   **2007, the complaint may be dismissed pursuant to Fed. R. Civ. P. 4(m) without further**
24   **notice to Plaintiff.**

25   **IT IS SO ORDERED**.

26   DATED:  July 10, 2007

27

28                                        _Larry A. Burns_
                                          **HONORABLE LARRY ALAN BURNS**
                                          United States District Judge