# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE J. WAGNER,<br><br>                Plaintiff,<br>  vs.<br><br>R. ANTI, LT.; LEAPHART, CPT;<br>R. DAVIS, LT.; C. MCGUIERE, C/O;<br>K. THOMAS, C/O; J. RODRIGUEZ, C/O;<br>J. SPINNEY, MTA; BALTINEZ, R.N.; and<br>DR. SAND,<br><br>                Defendants. | CASE NO. 06cv2237 LAB (WMC)<br><br>**ORDER RECONSIDERING DENIAL OF EXTENSION OF TIME IN WHICH TO SERVE DEFENDANTS** |

       On October 5, 2006, Plaintiff, a prisoner proceeding *pro se* but not in forma pauperis, filed his complaint. Plaintiff never obtained summonses from the Court Clerk either when filing his complaint or as soon as possible afterwards, as required under Civil Local Rule 4.1(d). No proof of service was filed.

       On April 11, 2007, the Court issued an order to show cause why the complaint should not be dismissed for failure to serve any Defendants, noting Plaintiff was not entitled to service by the U.S. Marshals' Service. The Court also noted Plaintiff had taken no action at all in the case after filing his complaint.

       Plaintiff responded to the order to show cause, expressing his belief that the Court would be issuing a screening order explaining the deficiencies in his complaint so that he

could amend his complaint before serving it.  Plaintiff stated that he had been waiting for this order before serving.

On June 7, 2007, the Court issued an order explaining that Plaintiff should not expect a screening order such as he described, and ordering Plaintiff to serve all Defendants within thirty days.  The Court admonished Plaintiff that if he failed to serve within the time allotted, his complaint might be dismissed without notice to him.

After this point, events are somewhat murky.  According to a document filed July 27, 2007 and styled "Production of Proof of Service with Affidavit," Plaintiff served Defendants by mail at some point between June 14 and June 17,[1] and Plaintiff attaches affidavits to this effect.  However, no summonses were issued in this case until July 2, when summonses for all Defendants were issued.  It appears what Plaintiff served was, however, merely a copy of the complaint without the summons.  (*See* Motion for Extension of Time, filed July 5, 2007, at 1:23–24 ("Plaintiff has served complaints of this action . . . .").)  Therefore, this effort at service of process was ineffective.  *See* Fed. R. Civ. P. 4(c) ("A summons shall be served together with a copy of the complaint.")  *See also* 1 Moore's Federal Practice § 4.50[2] (3d Ed. 2007) (citing *Bolivar v. Director of the FBI*, 846 F. Supp. 163, 166 (D.P.R. 1994), *aff'd without op.*, 45 F.3d 423 (1st Cir. 1995)).

On July 5, Plaintiff moved for an extension of time, seeking an additional 45 days in which to serve Defendants.  He gave as the reasons for seeking this extension 1) he had already served copies of the complaint on the Attorney General, 2) he had requested summonses from the Clerk, and 3) he was an inmate.  The Court, noting that Plaintiff had not stated when he requested the summonses or otherwise shown cause for the delay, denied the request for an extension.  The Court did, however, grant Plaintiff an additional 30 days in which to file proof that he had served Defendants as ordered.

When Plaintiff filed his "Production of Proof of Service with Affidavit," on July 27, 2007, he attached a copy of prison mailroom records showing when he sent mail, and when

---

[1] The affidavits give various dates from June 14 to June 17 for service.  On August 6, 2007, Plaintiff filed an affidavit stating that he had served all Defendants on June 17, 2007, although the affidavit makes clear he merely sent them copies of the complaint.

mail for him was received. Plaintiff's reasoning in attaching these records appears to relate to an attempt to show when he mailed the complaints which, as noted above, does not constitute effective service of process. Plaintiff also, for reasons that are not fully clear, has attached a certified mail receipt showing something was sent to the Attorney General on July 18, 2007. He also, in a filing dated July 30, 2007, attempted to show he had served the Attorney General by attaching a certified mail receipt dated July 23, 2007. **To date, however, Plaintiff has filed no acceptable proofs of service.** It is clear Plaintiff knows what proof of service is and has access to appropriate proof of service forms, because he has repeatedly attached them to his filings.

The Court has, however, reviewed the mailroom logs, and has determined from them that Plaintiff must have requested summonses from the Clerk on June 20, 2007 and received them on July 16, 2007. In view of this, the Court is now satisfied that Plaintiff acted with reasonable diligence in response to its June 7, 2007 order requiring him to serve Defendants within thirty days. The Court therefore now reconsiders its order of July 10, 2007, and now **GRANTS** Plaintiff's request for an extension of time in which to serve Defendants.

Plaintiff is hereby **ORDERED** to serve Defendants with process as required under Fed. R. Civ. P. 4 no later than **August 31, 2007**. He must then file with the Court proofs of service as to all Defendants no later than **September 7, 2007**. Plaintiff is suing Defendants in their individual capacities, *see Hydrick v. Hunter*, 466 F.3d 676, 688 (9th Cir. 2006) (explaining that damages under 28 U.S.C. § 1983 are available against state officials only in their individual capacities) (citations omitted), and must file proofs of service as required under all applicable rules. *See* Fed. R. Civ. P. 4(e). *See also, e.g., Jackson v. Hayakawa*, 682 F.2d 1344, 1347–48 (9th Cir. 1982).

In view of the repeated extensions Plaintiff has been granted, and the Court's repeated admonitions to take steps to serve Defendants with process, the Court will grant

/ / /

/ / /

no further extensions of time without a showing of extraordinarily good cause.  **Should Plaintiff fail to serve Defendants as ordered by August 31, 2007, or fail to file proofs of service by September 7, 2007, this case will be dismissed without prejudice.**

**IT IS SO ORDERED**.

DATED: August 8, 2007

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge